[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband was married to the defendant wife on September 18, 1989 at Danbury, Connecticut. Her maiden name is Magnigiafico.
The husband has resided continuously in the State of Connecticut for at least one year prior to the commencement of these proceedings.
One child was born to the wife, to wit: Kristina Ann Murphy. The child is a minor, born February 5, 1992, and is issue of the marriage.
The marriage has broken down irretrievably, there is no prospect for any reconciliation, and a decree of dissolution may enter.
The husband is thirty-two (32) years of age, and in good health. He has a degree from Naugatuck Valley College in Criminal Justice. This two year degree was earned by attending night sessions for four and one-half years. He is employed as a Danbury police officer and, at the time of the dissolution hearing, he reported on his financial affidavit an average gross weekly wage of $910 and $643 net.
The wife is twenty-nine (29) years of age, a high school graduate CT Page 11038 who has worked as a legal secretary during the marriage. She, too, is in good health. She is presently not employed due to the minor child's serious illness which requires her constant attendance to the needs of the child. From the testimony, the court finds it unlikely that the mother can work at this time.
The court, from the testimony presented, must conclude that the precipitating event or events which were the major cause of the breakdown was the husband's relationship with another woman.
Taking into consideration all of the evidence and the mandate of Connecticut General Statutes, Sec. 46b-81, 46b-82 and 46b-84, the court further finds and orders as follows:
1. Custody of the minor child is vested in the mother with visitation to the father as follows:
 A. Each Wednesday from 10 a.m. to 3 p.m. or 3 p.m. to 7 p.m., depending upon the work schedule of the plaintiff.
 B. The plaintiff should be entitled to visitation each Saturday from 10 a.m. to 6 p.m. Once a month, upon one week notice, the defendant may elect to visit with the child on Saturday, In such event, the plaintiff's visitation will then occur on Sunday from 10 a.m. to 6 p.m. If the plaintiff is unable to exercise visitation on Sunday, the missed day of visitation shall be made up on a weekday of the plaintiff's choice upon forty-eight (48) hours notice to the defendant.
 C. The plaintiff will have visitation each Father's Day from 10 a.m. to 6 p.m.
D. Thanksgiving holiday from 3 p.m. to 7 p.m.
E. Christmas Eve from 1 p.m. to 7 p.m.
 F. Easter from 3 p.m. to 7 p.m. provided that the court enters an order permitting regular Saturday visitation. If not, then Easter visitation should occur in the normal Sunday schedule.
 G. The plaintiff shall always be present during visitation. CT Page 11039
 H. The defendant shall provide the plaintiff with the names, address and telephone numbers of all of Kristina's doctors, medical personnel, nurse coordinator, occupational therapist, physical therapist, speech therapist and teachers; and that the plaintiff will have access to all information regarding the health, education and welfare of the child and have the ability to meet with and talk with any and all health care providers. The defendant shall notify the plaintiff in advance of any meetings with doctors for a discussion of Kristina's medical progress.
 I. The paternal grandmother shall be able to be alone with the child upon proof to the court of a doctor's certificate indicating her professional ability to care for the child.
2. The husband shall pay for support of the minor child the sum of $175 per week which sum is substantially in compliance with the Connecticut Child Support Guidelines.
3. Alimony shall be paid by the husband to the wife in the amount of $170 per week until the happening of the first of the following events:
a) death of either party;
b) remarriage by the wife;
c) cohabitation by the wife;
d) eleven years from the date herein.
4. Alimony and child support shall be serviced by an immediate wage execution.
5. The husband shall maintain medical and dental insurance for the minor child as available though his employment. All uninsured medical and dental bills shall be divided equally. These orders are entered subject to Connecticut General Statutes, Sec. 46b-84c.
6. The defendant shall receive by way of a Qualified Domestic Relations Order 22 percent of plaintiff's pension valued as of the date of this judgment. CT Page 11040
7. The plaintiff shall pay the sum of $500 within 60 days toward payment of the defendant's legal fees.
8. The husband shall name the child as irrevocable beneficiary of all existing life insurance policies for so long as he is obligated to support said child.
9. The husband shall be entitled to claim the child as a tax exemption and the wife will execute any documents necessary to effect said purpose.
10. Each party shall retain the personal property presently in his or her possession except his basketball backboard, the pole, lawn equipment, patio furniture and his VCR, which shall become the sole exclusive property of the plaintiff.
Mihalakos, J.